[Civ. No. 9193.   Fourth Dist., Div. One.   Nov. 27, 1968.]

CAROL ANN WHALEY et al., Petitioners, v. WORKMEN'S COMPENSATION APPEALS BOARD, UNION TRIBUNE PUBLISHING CO. et al., Respondents.

Dougherty, Scott & Wolfe, Edward M. Wright and Stuart L. Dougherty for Petitioners.

Everett A. Corten, Nathan Mudge, Trout & Taylor, Trout, Taylor & Fowler and Perry Trout, Jr., for Respondents.

LAZAR, J. pro tem.*—Petition for writ of review of an opinion and decision of the Workmen's Compensation Appeals Board (Board) denying an award to petitioners (survivors of Ivan Victor Whaley) for decedent's death for the reason it did not occur in the course of his employment.

### FACTS

Decedent was employed by a newspaper publisher as a "district manager." His duties included supervision of his crew of delivery boys; pickup of the morning newspapers and delivery of them to the boys' homes; delivery of "missed" papers; and servicing of the route of any boy unavailable for work. He recruited boys for the crew and interviewed them at various times and places for this purpose; he transported members of the crew in connection with subscription contests. It was a job requirement that decedent have his own motor vehicle.

Decedent's specified work schedule included a 40-hour work week—5 days at 8 hours each. Each day started at 2:30 a.m. at the plant for pickup of the day's papers. The shift ended when no work remained to be done in connection with that morning's deliveries, usually between 10 a.m. and 11:30 a.m. In the absence of a specific reason for returning to the plant, decedent could check in by phone when otherwise through and then go home or about his own business.

The employer provided office space for decedent but he could and did work on his records at home, at his own option, but without express permission or direction. Decedent was reimbursed for mileage commencing at and ending upon return to the plant. The manner of computation was not indicated for those times when there was telephone check-in to the plant. No compensation was paid in relation to work done outside the shift hours. Recruitment of the newsboys, help in subscription contests and receipt of business calls at home

*Assigned by the Chairman of the Judicial Council.

were part of the work done by decedent outside of shift hours.

Decedent met his death while driving to work at 1:50 a.m. in the vehicle owned and used by him for work purposes.

## DISCUSSION

Respondent relies upon *Postal Tel. Cable Co.* v. *Industrial Acc. Com.*, 1 Cal.2d 730 [37 P.2d 441, 96 A.L.R. 460] in support of the argument that decedent's travel to and from the newspaper plant under the circumstances outlined above was not within the course of his employment.

The evidence clearly reveals that the use of decedent's motor vehicle in undirected travel and subject to the control of only decedent, except as to a restriction against unauthorized passengers, in the performance of his duties as supervisor of his newsboy crew made the availability and use of the motor vehicle as much a part of the work and service rendered to the employer as decedent's personal services, so that the employment relationship may be deemed to have been in effect during the journey in which decedent was killed. (*Joyner* v. *Workmen's Comp. App. Bd.*, 266 Cal.App.2d 470 [72 Cal. Rptr. 132]. See also *Le Febvre* v. *Workmen's Comp. App. Board,* 69 Cal.2d 386 [71 Cal.Rptr. 703, 445 P.2d 319].)

The order of the Board denying applicant's claim is annulled and the case is remanded to the Board for further proceedings consistent with the views expressed in this opinion.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 22, 1969.